IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02481-PAB

MABEL REGLA MARIN VALERA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora Contract Detention
Facility owned and operated by GEO Group, Inc.,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S.
Immigration & Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of
Homeland Security,
DAVID VENTURELLA,[1] in his official capacity as Acting Director of Immigration &
Customs Enforcement (ICE), and
TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department
of Justice,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Mabel Regal Marin Valera's

Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]

and Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No.

4]. Respondents filed a response. Docket No. 13. Petitioner filed a reply. Docket No.

14.

---

[1] David Venturella is substituted as a party for Todd Lyons pursuant to Fed. R.
Civ. P. 25(d).

## I.    BACKGROUND[2]

Petitioner was born in Cuba and unlawfully entered the United States in July 2019.  Docket No. 1 at 7, ¶ 23.  Respondents placed petitioner in expedited removal proceedings and petitioner was ordered removed on December 4, 2019.  *Id.*  On January 31, 2020, petitioner was removed to Cuba.  *Id.*

On February 17, 2022, petitioner entered the United States, was placed in reinstatement of removal, and released on an Order of Supervision ("OSUP").  *Id.* at 8, ¶ 24.  Petitioner complied with all terms of her OSUP and respondents did not claim that petitioner violated her OSUP.  *Id.*, ¶ 25.  On September 10, 2025, respondents detained petitioner while she was appearing for a scheduled check-in with Immigration and Customs Enforcement ("ICE").  *Id.*, ¶ 26.  ICE placed petitioner in reinstatement of removal proceedings.  *Id.*, ¶ 28.  On October 13, 2025, respondents placed petitioner in withholding-only proceedings.  Docket No. 4-3 at 3-4.  Petitioner received a reasonable fear interview and was granted withholding of removal to Cuba on April 9, 2026.  Docket No. 1 at 8, ¶ 28.  The Department of Homeland Security ("DHS") appealed the withholding of removal, which remains pending before the Board of Immigration Appeals ("BIA").  *Id.*

On June 4, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  *See generally id*.  Petitioner brings a claim for violation of her Fifth Amendment procedural due process rights (Count One); 8 U.S.C. § 1231 (Count Two); the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (Count Three); her Fifth Amendment substantive due process rights (Count Four); and

---

[2] The following facts are undisputed unless otherwise noted.

the Administrative Procedure Act (Count Five).  *See id.* at 23-26.  Among other forms of relief, petitioner requests that the Court order her immediate release on an OSUP that reflects the terms of her previous release in 2022.  *See id.* at 25-26.

## II.    ANALYSIS

Petitioner argues that respondents violated her Fifth Amendment right to due process when they re-detained petitioner and revoked petitioner's OSUP without "any process related to its decision to revoke her OSUP and re-jail her."  *See id.* at 23, ¶ 76. Respondents state that they "do not have additional information for the Court about the revocation of Petitioner's order of supervised relief."  Docket No. 13 at 5.

Pursuant to 8 C.F.R. § 241.4(l), a noncitizen's order of supervision may be revoked upon violation of the conditions of release.[3]  *See* 8 C.F.R. § 241.4(l)(1). Alternatively, a noncitizen's order of supervision may be revoked by the Executive Associate Commissioner:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section.  A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner.  Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The alien violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

---

[3] Respondents do not contest petitioner's assertion that she never violated her OSUP, and respondents have not claimed that she did.  *See* Docket No. 1 at 8, ¶ 25; Docket No. 4-1 at 2, ¶ 3.

3

(iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

*Id.*, § 241.4(l)(2).  "Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole.  The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  *Id.*, § 241.4(l)(1); *see Banega v. Warden of Soft Side S. Facility*, 2026 WL 234042, at *3 (M.D. Fla. Jan. 29, 2026) ("Courts routinely interpret section 241.4(l) as requiring an informal interview upon the revocation of release regardless of the reason for the revocation – meaning that the notice and interview requirements stated in § 241.4([l])(1) also apply to revocation under § 241.4([l])(2)") (internal quotation, alteration, and citation omitted) (collecting cases).

There is no evidence that the Executive Associate Commissioner or district director revoked petitioner's OSUP.  In fact, respondents provide no information as to who revoked petitioner's OSUP.  *See Kumar v. Mullin*, No. 26-cv-1264-WJM, 2026 WL 1139601, at *3 (D. Colo. Apr. 24, 2026) (finding that respondents violated § 241.4(l) where there was "no indication here that the decision to revoke his supervised release was made by the Executive Associate Commissioner or, if appropriate, a district director").  There is no evidence that petitioner was provided notice or a statement of the reasons for the revocation of her OSUP.  Moreover, respondents do not identify the reasons in their response.  *See id.* (finding a violation of § 241.4(l) where "[t]he Government provides no indication that the Notice set forth 'the reasons for revocation of his . . . release or parole'") (quoting 8 C.F.R. § 241.4(l)(1)).  There is no evidence that petitioner was provided an interview to respond to the reasons for revocation.

4

Accordingly, the Court finds that respondents failed to provide petitioner with proper process under § 241.4(l).

Thus, the Court finds that respondents violated petitioner's due process rights when they revoked petitioner's OSUP. "[C]ourts across the country routinely hold that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Izquierdo Navarro v. Bondi*, No. 25-cv-04210-NYW, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026) (footnote omitted) (granting a petition for writ of habeas corpus and ordering petitioner's release where respondents failed to comply with 8 C.F.R. § 241.4(l)); *Kumar*, 2026 WL 1139601, at *5 (finding that respondents violated § 241.4(l) and ordering petitioner's release "subject only to the conditions of his pre-existing OSUP" and that "[n]o additional conditions of release shall be imposed on [petitioner] by Respondents").[4]

---

[4] Because the Court will grant petitioner relief on the basis of Count One, the Court will not reach petitioner's remaining claims for relief  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  Petitioner also requests that the Court enjoin respondents from re-detaining and removing petitioner without following specific procedure.  *See* Docket No. 1 at 26.  The Court finds, at this stage, that petitioner has not clearly established the necessity of granting this injunctive relief.  *See De La Cruz v. Baltazar*, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026).  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  See Docket No. 1 at 26.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  See D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

### III.     CONCLUSION

Therefore, it is

**ORDERED** that petitioner Mabel Regal Marin Valera's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 4] is **DENIED as moot**.  It is further

**ORDERED** that respondents shall release Mabel Regal Marin Valera from custody within **72 hours,** subject to the same conditions of her 2022 order of supervision.  It is further

**ORDERED** that the parties shall file a status report within **48 hours** of petitioner's release.

DATED June 26 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge